UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

====================================

| | |
|---|---|
| JANE DOE | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION NO. 3:19-CV-1649-JCH |
| | : |
| UNITED STATES OF AMERICA, | : |
| US DEPARTMENT OF HOMELAND | : |
| SECURITY, | : |
| KEVIN McALEENAN, | : |
| in his official capacity as | : |
| Acting Secretary of US Department | : |
| of Homeland Security, | : |
| US IMMIGRATION AND | : |
| CUSTOMS ENFORCEMENT, | : |
| MATTHEW T. ALBENCE, Acting Director of US | : |
| Immigration and Customs Enforcement, | : |
| WILFREDO RODRIGUEZ, in his official | : |
| capacity as an agent of US Immigration and | : |
| Customs and in his individual capacity, | : |
| | : |
| Defendants. | |

====================================

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
RODRIGUEZ' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff Jane Doe, an undocumented immigrant has brought this action against Wilfredo Rodriguez, ("Rodriguez") the United States of America, U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Alejandro Mayorkas, in his capacity as Director of DHS, and Tae Johnson, in his capacity as Acting Director of ICE (collectively, "ICE"). Plaintiff's claims against ICE are brought pursuant to the Federal Tort Claims Act

1

FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and arise out of Plaintiff's use as a confidential informant for ICE while under an order of supervision, while she and her family were subject to deportation, during which time she was sexually assaulted, threatened and intimidated by Rodriguez from 2007 through 2014. Plaintiff will cite to the relevant paragraph of its Statement of Undisputed Material Facts (SOF ¶ ) for relevant references to the record.

**FACTUAL BACKGROUND**

In 2007 Jane Doe was an illegal alien who had been ordered deported, but after going to ICE's office and meeting with Rodriguez, Jane Doe was placed under an order of supervision because she agreed to cooperate with information as a confidential informant. (SOF ¶ 27) Rodriguez and Michelle Vetrano-Antuna were both deportation officers at that time working for Enforcement and Removal Operations, (ERO), a part of Immigration and Customs Enforcement (ICE) and throughout the years of 2007-2014 (SOF ¶ 23) ERO is responsible for the removal of individuals after they've been ordered removed by an immigration judge and for locating and arresting individuals who have violated immigration law. (SOF ¶ 24) ERO is prohibited by policy from using confidential informants. (SOF ¶ 25) Jane Doe, however agreed to provide information to ERO about illegal immigrants. (SOF ¶ 26) Jane Doe and her family were not only not deported, but Jane Doe was granted a work permit in 2007.(SOF ¶ 33) Rodriguez carried a gun as part of his employment with ICE, and handcuffed and arrested illegal immigrants. (SOF ¶ 35)

Jane Doe continued to provide information to Rodriguez during the period from 2007 to 2014 and to Vetrano-Antuna through 2012. During this time period Rodriguez Rodriguez used

Jane Doe like a slave, not only sexually exploiting her, but also continuing to demand information on illegal immigrants. (SOF ¶ 45) Rodriguez forced Jane Doe to go to his house and force sexual relations and forced Jane Doe to continue to provide him with information on illegal immigrants. (SOF ¶ 41)   Rodriguez even branded Jane Doe, leaving permanent marks on her abdomen. (SOF ¶ 42)

   Rodriguez also continued to force Jane Doe to help him investigate, locate and inform on illegal immigrants. (SOF ¶ 44)   As a result of the rapes, Jane Doe got pregnant multiple times and had abortions, became very depressed and tried to commit suicide multiple times. (SOF ¶ 46) Jane Doe provided so much information on the location of illegal immigrants that Michelle Vetrano-Antuna asked her to stop providing information in her [Honduran] community to ERO, including Rodriguez because she was concerned about her safety. and the safety of her family. (SOF ¶ 36)  Michelle Vetrano-Antuna considers Jane Doe to be extremely truthful and confirmed that she was always very cooperative.(SOF ¶ 34)

 Rodriguez used his position of extraordinary authority threatened threaten and intimidate her from speaking to anyone about what he had done.  He even threatened Jane Doe's husband after he had found out that Rodriguez had raped Doe.  (SOF ¶  43)   During the period between 2007 and 2014 Jane Doe was threatened by Rodriguez with deportation of herself and her family and death.  (SOF ¶  39)   Shortly before Rodriguez was to retire from ICE, he threatened to kill Jane Doe if she ever told anyone about what had happened. (SOF ¶  40)  Rodriguez invoked his right against self incrimination in response to deposition questions about raping and threatening Jane Doe as well as threatening her and her entire family with deportation if she ever told anyone about what he had done to her.  (SOF ¶  14 through 22)

**LEGAL STANDARD**

"A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; see also *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Nick's Garage, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. Anderson, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense...." *Giordano v. Market Am., Inc.,* 599 F.3d 87, 93 (2d Cir. 2010). The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.,* 230 F.3d 34, 38 (2d Cir. 2000).

Rodriguez's asserting his Fifth Amendment right to remain silent as to all questions during his deposition should result in this Court drawing adverse inferences against Rodriguez

regarding the specific questions to which he invoked the Fifth. Those questions Rodriguez refused to answer go to the very heart of this case. There is a "prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976) (allowing adverse inference to be drawn against state prison inmates that refused to testify in prison disciplinary proceedings)   In a n instance where a party stands on an invocation of the Fifth Amendment privilege made during discovery, fairness dictates that the jury be informed of the invocation of the privilege and permitted to draw an adverse inference from this fact. See *Penfield v. Venuti,* 589 F. Supp. 250, 255 (D. Conn. 1984) ("Permitting an adverse inference to be drawn against a party who invokes the Fifth Amendment privilege during discovery prevents use of the privilege as a weapon in civil litigation.")*Huaman v. Sirois*, No. 3:13CV484 (DJS), 2015 U.S. Dist. LEXIS 51873 (D. Conn. Apr. 20, 2015)  "A party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence, and the claim of privilege will not prevent an adverse finding or even summary judgment if the litigant does not present sufficient evidence to satisfy the usual evidentiary burdens in the litigation." *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153-54, 44 S. Ct. 54, 68 L. Ed. 221.

   Given that Rodriguez invoked his right against self incrimination in response to all questions about raping and threatening Doe and her entire family, this Court could deny defendants motions for summary judgment on that basis alone.

**ARGUMENT**

THE STATUTE OF LIMITATIONS HAS BEEN TOLLED BY THE DOCTRINE OF EQUITABLE TOLLING

The equitable tolling doctrine was discussed in *Gager v. Sanger*, 95 Conn. App. 632, 638, 897 A.2d 704. Equitable tolling is applied if a party other than the plaintiff "bore responsibility for some form of impediment that prevented or made it difficult for the plaintiff to file earlier." *Gager v. Sanger,* Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. X02-CV-03-0182451-S, 2005 Conn. Super. LEXIS 589 (February 25, 2005, Schuman, J.), aff'd, 95 Conn.App. 632, 897 A.2d 704, cert. denied, 280 Conn. 905, 907 A.2d 90 (2006). Connecticut courts have applied equitable tolling in situations where a plaintiff can show he "(2) was prevented in some extraordinary manner from timely asserting his rights,…" *Bates v. City of Bristol,* 2018 U.S. Dist. LEXIS 49687 *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). *Young v. United States,* 535 U.S. 43, 49 (2002). If ever a case merited the application of the equitable tolling doctrine, Jane Doe's case would be the poster child for it. She was afraid for her life and that of her family's, which is why she did not retain an attorney to pursue this case until after she was recommended to do so by the Immigration and Customs Enforcement investigators.

The case of *Noguera v. Hasty*, No. 99 Civ. 8786 KMWAJP, 2001 U.S. Dist. LEXIS 2458, 2001 WL 243535 (S.D.N.Y. Mar. 12, 2001), involved a female inmate who brought an action under 42 U.S.C. § 1983 alleging that she had been raped and sexually abused by a state correctional officer. The limitations period was equitably tolled based on the plaintiff's allegation that the officer had verbally and physically threatened her into remaining silent about the rape.

6

2001 U.S. Dist. LEXIS 2458, [WL] at *6.  Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time. *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1997).  The sexual assaults, severe depression, suicide attempts, threats on Doe's life, threats against her family by Rodriguez constitute extraordinary circumstances which justify Doe's delay in filing her claim.  Rodriguez should not be entitled to benefit from the fact that during the period between 2007 and 2014 he threatened plaintiff's life and threatened her and her family with deportation See *Brockamp v. United States*, 67 F.3d 260 (9th Cir. 1995). SOF ¶ 23, 24.

     ICE and Rodriguez both argue that plaintiff is not entitled to equitable tolling because Plaintiff was not diligent in her efforts to pursue her rights during the time period she seeks to toll, and that no extraordinary circumstance stood in her way, preventing her from doing so. This argument must fail, as Rodriguez not only threatened Doe's life, but her family as well.  Doe was well aware of what Rodriguez was capable of serious criminal behavior.

**CONCLUSION**

Wherefore, for all of the foregoing reasons, the plaintiff requests that the Court deny both Rodriguez' and ICE's motions for summary judgment.

Date: June 14, 2021

                                              Respectfully submitted,

                                              PLAINTIFF, JANE DOE

                                              By:/s/ George W. Kramer, Esq.
                                              George W. Kramer
                                              Federal Bar No. ct 07982
                                              gkramerlaw@gmail.com
                                              Debra D. Klingsberg
                                              Fla. Bar No. 767921
                                              dklingsberglaw@gmail.com
                                              30 Clemens Court
                                              Rocky Hill, CT 06067
                                              Tel: 860-212-4871

**CERTIFICATION**

    I hereby certify that on the 14th day of June, 2021, the foregoing document was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                /s/ George W. Kramer, Esq.
                                                George W. Kramer