UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Jane Doe** | : | Crim. No. 3:19-CV-1649-KAD |
|     **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Wilfredo Rodriguez, et. al.** | : | |
|     **Defendant** | : | June 3, 2024 |

## SUPPLEMENTAL POST HEARING BRIEF RE: EQUITABLE TOLLING

The Defendant, WILFREDO RODRIGUEZ, submits the following brief following the hearing in this matter regarding the issue of equitable tolling. The Defendant incorporates his prior arguments on this matter, particularly his Memorandum, Doc. 75, submitted April 30, 2021.

**Relevant History**

The Defendant Rodriguez, as well as the other so-called "Government Defendants", filed motions for summary judgment in this matter in April 2021, as well as Statements of Material Facts. Those motions included arguments that the Plaintiff had failed to comply with the statute of limitations and was time barred. The Plaintiff's oppositions cited the doctrine of equitable tolling.

On March 28, 2022, the Court (*Merriam, J.*) issued a ruling, granting summary judgment to all defendants. Doc. 91. The ruling reasoned that the Plaintiff could not meet her burden in proving equitable tolling for multiple reasons. First, the Plaintiff was aware that the Defendant Rodriguez was retiring, and any claims of fear of retaliation by Mr. Rodriguez through his official position would have expired at the time of his retirement.

*Id.* at 16-17. The ruling also held the Plaintiff "has not provided evidence of any extraordinary circumstances after the retirement of Rodriguez that would have prevented her from bringing a claim." *Id.* at 20. It relied on her ability to communicate with doctors and lawyers, and determined the evidence likely indicated she disclosed her allegations because of her father's impending deportation. *Id.* at 21-22. The ruling then noted that even if she had proven extraordinary circumstances, she had also failed to provide any evidence she acted with diligence. *Id.* at 22.

The Second Circuit determined this ruling was error, because the District Court had failed to note it was exercising its discretion in denying equitable tolling, and had engaged in fact-finding without clearly acknowledging it was acting in a fact-finding capacity. *Doe v. United States*, 76 F.4th 64 (2d Cir. 2023). For example, the District Court had not held a hearing, and had rejected the inference that Doe disclosed due to her fear of Rodriguez dissipating. *Id.* at 73. The case was remanded, with the instruction:

> the district court should act in a fact-finding capacity and determine whether Doe has demonstrated extraordinary circumstances and reasonable diligence. If the court determines that she has established these prerequisites for equitable tolling, then it should engage in the discretionary determination of whether to grant her request for equitable tolling.

*Id.*

**Material Facts**

The hearing held in this matter did not make substantive alterations to the material facts. The alleged assaults ended in 2014, and Jane Doe was aware Mr. Rodriguez was retiring in 2014. Doe did not report any allegations until 2018, which would be more than

three years after the assaults ended and/or Rodriguez's retirement. Doe also admitted she had access to doctors and lawyers who were bound by confidentiality requirements, but nonetheless made no report to them. One notable new piece of information was Doe's claim that she now has photographs of the injuries of her assaults. She claims she found the photos the night before her 2024 testimony, approximately ten years or more after the fact, while searching through her phone for evidence at her attorneys' behest. These photos cannot be vetted, and were not disclosed to the Defendants prior to the hearing.

**Standard**

The legal standard in this case is clear: the Plaintiff has the burden to prove *both* prongs of the test to even qualify for equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Ruling, Doc. 91, at 11-12, quoting *Rosario v. Brennan*, 197 F. Supp. 3d 406, 412 (D. Conn. 2016). "Extraordinary" refers to the "severity of the obstacle impeding compliance with a limitations period." *Hardie v. United States*, 501 F.Supp. 3d 152 161 (E.D.N.Y. 2020). (Cleaned up.) The diligence prong requires showing the Plaintiff "acted with reasonable diligence *during the time period she seeks to have tolled."* (Emphasis added.) *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), as amended (July 29, 2003).

Courts have found that the circumstances giving rise to equitable tolling, even if extraordinary, can end during the tolling period if those circumstances change, such as through the retirement of an alleged perpetrator. *See Noguera v. Hasty*, No. 99-cv-8786-

KMW, 2001 WL 243535 at *5 (S.D.N.Y. Mar. 12, 2001).

**Extraordinary Circumstances Did Not Prevent Bringing the Claim**

The Defendant contests these circumstances were extraordinary, but, even if the facts of the alleged assaults were extraordinary, their extraordinary nature did not prevent bringing this claim. The Plaintiff focuses on her depression and mental health issues during this time period, but those exact same issues did not prevent her from bringing a workers' compensation claim and recovering an very large sum of money during that exact same period. The Plaintiff, per her testimony, suffered from depression and mental health issues, but she was nonetheless functional, and certainly functional enough to utilize an attorney to press claims on her behalf as she did against her employer for her fall from a ladder. Notably, her fall from the ladder was timed right at the time frame in which the Plaintiff says the assaults from Mr. Rodriguez ended, and he cut contact with her. Therefore, from the very beginning of the period she seeks to have tolled, she was able to engage in litigation. The Plaintiff also incredibly now blames her fall from the ladder on Mr. Rodriguez engaging in verbal abuse against her in a phone call, leading to her being distracted and falling, a fact she claims she did not tell the attorney who was handling her workers' compensation claim.

Even if there were extraordinary circumstances that were an obstacle to her bringing the claim, those ended with Mr. Rodriguez's retirement. His threats against her largely related to his threats he would deport her or her family. The Plaintiff argues "Rodriguez kept reminding her that as a government official, he had the power to have

Doe and her family deported," but that exact power would dissipate with his retirement and loss of status as a government official. Plaintiff's Post Hearing Brief, at 5. Also, it is not credible to believe the Plaintiff was so petrified of her family being deported, to the point of being unable to disclose the allegations, but that her fear of family deportation coincidentally vanished when her father was at his highest risk of imminent deportation.

**Lack of Diligence**

Even extraordinary circumstances does not relieve the Plaintiff of showing she pursued her claim with reasonable diligence *during the time period sought to be tolled*. The Plaintiff's brief does not contain a single act by her which is claims shows reasonable diligence, and the Plaintiff has never been able to name any conduct by which she pursued her claim between 2014 and 2018. There is a total absence of evidence from which the Plaintiff can prove the second prong.

The Plaintiff did not consult with an attorney, even her immigration attorney who was already working on her behalf, about bringing a claim. She admits she first discussed this case with her current attorney, after disclosing to ICE agents in reaction to her father facing deportation. Before disclosing in 2018, she made no efforts to log her injuries, or the dates or places of the alleged assaults. Did the Plaintiff Did the Plaintiff preserve and organize evidence from the assaults, to be ready to bring her claim? No. The Plaintiff even now, in 2024, six years after her initial disclosure, is seemingly just now beginning to search her phone at her attorney's request to find if she has photographs of her alleged injuries, to first disclose them during her testimony. This is more than three years after

her deposition. This Court could conclude she has not even diligently pursued her rights during the pendency of this civil action, let alone during the time period sought to be tolled. Additionally, Doe testified that she even destroyed evidence. She claims that Rodriguez would communicate with her on a certain phone and that, incredibly, she threw this phone out her car window into a river to reduce suspicion. The Defendants can never view the messages or history of that phone to determine if it supports her allegations.

The lack of corroborating evidence in this case, and the lack of physical evidence available which could cast doubt on her allegations, is the type of situation the statute of limitations is intended to avoid. The lapse of time and Plaintiff's lack of ability to provide specific who/what/when/where details have left the Defendants hamstrung in defending against these allegations, due to her failure to diligently pursue her claim in any way from 2014-2018.

The Plaintiff argues she "exercised reasonable diligence… as soon as she was able". Plaintiff's Post Hearing Brief at 6. But, the Plaintiff's argument does not name any conduct she engaged in, instead merely repeating her history of mental health issues and repeating some of the details of the allegations. This conflates evidence that goes to extraordinary circumstances with evidence of reasonable diligence, and this Court should cleanly parse the two categories. The Plaintiff's brief can only repeat the terrible nature of the allegations, but cannot point to anything that can actually satisfy the second prong. Further, the Plaintiff's claim she was not able to pursue legal action is undermined by her pursuing legal action against her employer during the exact same time period. The

Plaintiff's attempt to argue the effects of long-term sexual abuse prevented her disclosure is also unavailing. This argument would make equitable tolling automatic in every sexual assault matter, even, as in this case, where there has been no pursuit of the claim whatsoever.

**This Court's Discretion**

This Court has discretion in multiple ways. First, the Plaintiff's brief focuses heavily on Mr. Rodriguez's decision to invoke his Fifth Amendment privileges. The Plaintiff notes the Court may take an adverse inference as to these facts – however, that adverse inference is permitted, not absolutely required. Additionally, even if the Court does make an adverse inference as to those facts, they would still only lead to this Court concluding the assaults ended in 2014, as the questions repeatedly included the time frame between 2007 and 2014. Finally, an adverse inference as to a factual determination does not mean there is an adverse inference as to the legal conclusion. This Court can make adverse inferences as to these facts, but still determine the facts do not demonstrate extraordinary circumstances and do not meet the requirements of equitable tolling. Alternatively, the Court can determine they do not demonstrate extraordinary circumstances *after 2014*.

The Court also has discretion as to whether to permit equitable tolling even if both prongs have been met. As discussed, the Defendant disputes any extraordinary circumstances existed after 2014, and it seems uncontested that the Plaintiff did nothing from 2014 to her disclosure in 2018 to pursue her claim. Even if those two prongs are met, the Court should still not exercise its discretion and permit equitable tolling. The facts

of this case do not demand such exercise, and weigh heavily against it. The Court should emphasize that the Plaintiff took no action to preserve details or evidence of the claim, and seemingly was taking steps to seek out evidence the night before her testimony in the 2024 hearing. The Court should find the lack of details that can be corroborated or refuted place the Defendants at a significant disadvantage. The Court may also engage in fact-finding, and determine the Plaintiff's explanation is not credible. Instead, the Court should determine the Plaintiff only disclosed because of an attempt to protect her father from deportation, which is inconsistent with the claim that she hid this information due to fear of family deportation. In sum, the Court should decline to exercise its discretion in granting equitable tolling.

**Conclusion**

For these reasons, the Court should determine (1) extraordinary circumstances for equitable tolling did not exist, (2) the Plaintiff did nothing to prove she diligently pursued her claim, (3) the facts do not support the discretionary granting of equitable tolling, and (4) grant the Defendant's motion for summary judgment.

                                              THE DEFENDANT,
                                              WILFREDO RODRIGUEZ

                             BY   /s/
                                            TRENT A. LaLIMA
                                            Federal Bar No. ct 29520
                                            SANTOS & LaLIMA, P.C.
                                            50 Russ Street
                                            Hartford, CT 06106
                                            Tel. (860) 249-6548

- 9 -

Fax (860) 724-5533
tlalima@santoslalima.com

## **CERTIFICATION**

    I hereby certify that on the above date a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                        /s/_____
                                        Trent A. LaLima